UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARTHUR ARAGON, aka                    ) Case No. CV 10-0255-RC
ARTHUR CRUZ ARAGON,                   )
                                      )
                Plaintiff,            )
                                      )
vs.                                   ) OPINION AND ORDER
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,)
                                      )
                Defendant.            )
_____)

     Plaintiff Arthur Aragon, aka Arthur Cruz Aragon, filed a
complaint on January 13, 2010, seeking review of the Commissioner's
decision denying his application for disability benefits.  On May 25,
2010, the Commissioner answered the complaint, and the parties filed a
joint stipulation on August 13, 2010.


                              **BACKGROUND**

     On December 5, 2006, plaintiff, who was born on January 10, 1957,
applied for disability benefits under Title II of the Social Security
Act ("Act"), 42 U.S.C. § 423, claiming an inability to work since
August 1, 2005, due to cervical, thoracic and lumbar spine problems.

A.R. 10, 74-76, 83.  The plaintiff's application was initially denied on March 2, 2007, and was denied again on July 9, 2007, following reconsideration.  A.R. 55-65.  The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Lawrence D. Wheeler ("the ALJ") on June 18, 2008.  A.R. 28-50.  On September 29, 2008, the ALJ issued a decision finding plaintiff is not disabled.  A.R. 7-18.  The plaintiff appealed this decision to the Appeals Council, which denied review on November 13, 2009.  A.R. 1-4.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff Title II disability benefits to determine whether his findings are supported by substantial evidence and he used the proper legal standards in reaching his decision.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).  The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a

disability case.  20 C.F.R. § 404.1520.  In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b).  If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities.  20 C.F.R. § 404.1520(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20 C.F.R. § 404.1520(d).  If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work.  20 C.F.R. § 404.1520(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 404.1520(g).

     Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset date of August 1, 2005.  (Step One).  The ALJ then found plaintiff "has 'severe' impairments of the cervical spine (primary) and thoracolumbar spine" (Step Two); however, he does not have an impairment or combination of impairments that meets or equals a listed impairment.  (Step Three).  The ALJ next determined plaintiff is unable to perform his past relevant work as an auto mechanic. (Step Four).  Finally, the ALJ found plaintiff can perform a significant number of jobs in the national economy; therefore, he is

1    not disabled.  (Step Five).

2

3                                    **II**

4        A claimant's residual functional capacity ("the RFC") is what he

5    can still do despite his physical, mental, nonexertional, and other

6    limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001);

7    see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th

8    Cir. 2009) (RFC is "a summary of what the claimant is capable of doing

9    (for example, how much weight he can lift)."). Here, the ALJ found

10   plaintiff has RFC to perform light work[1] "that requires no more than

11   occasional climbing, stooping or crouching.  A.R. 17.  However,

12   plaintiff contends the ALJ's decision is not supported by substantial

13   evidence because the ALJ failed to properly consider the opinion of

14   examining physician Roger S. Sohn, M.D., an orthopedic surgeon.  The

15   plaintiff is correct.

16

17       On December 31, 2004, plaintiff injured his neck in a work-

18   related accident.  A.R. 134, 233.  On February 8, 2006, Dr. Sohn

19   examined plaintiff for a surgical consultation, and opined surgery was

20   _____

21       [1]  Under Social Security regulations, "[l]ight work involves
     lifting no more than 20 pounds at a time with frequent lifting or
22   carrying of objects weighing up to 10 pounds.  Even though the
     weight lifted may be very little, a job is in this category when
23   it requires a good deal of walking or standing, or when it
     involves sitting most of the time with some pushing and pulling
24   of arm or leg controls.  To be considered capable of performing a
     full or wide range of light work, [the claimant] must have the
25   ability to do substantially all of these activities."  20 C.F.R.
     § 404.1567(b).  "[T]he full range of light work requires standing
26   or walking for up to two-thirds of the workday."  Gallant v.
     Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984); SSR 83-10, 1983
27   WL 31251, *6.
28

                                       4

a reasonable option because conservative treatment had failed.  A.R. 134-39.  In reaching this opinion, Dr. Sohn reviewed a cervical spine MRI taken in April 2005, which showed a C3-C4 broad-based central left paracentral disc herniation (possible extrusion) and smaller findings at C4-C5, C5-C6, and C6-C7, with C6-C7 flattening the ventral margin of the spinal cord.  A.R. 138.  On June 9, 2006, Alan Rashkin, M.D., operated on plaintiff, performing "left C3 through C7 laminoplasties and lateral nerve root decompressions from C3 to C7[,] [an] [a]pplication of Medtronic plates and screws for support[,] [and] NuVasive spinal cord monitoring."  A.R. 146-47.


    On March 8, 2007, Dr. Sohn reexamined plaintiff and diagnosed him as having thoracolumbar strain.  A.R. 223-37.  Cervical spine x-rays showed internal fixation at C3-C4, C4-C5, C5-C6 and C6-C7.  A.R. 228. Dr. Sohn opined "[w]ith regard to the cervical spine, [plaintiff] is limited to light work only and no repetitive motions of the cervical spine[,]" and, "[w]ith respect to the thoracolumbar spine, he is limited to no very heavy work."[2]  A.R. 234.

--------

    [2]  California workers' compensation guidelines published in January 2005 do not discuss limitations of "light work only" and "no very heavy work."  See Schedule for Rating Permanent Disabilities, Spine and Torso Guidelines (Labor Code of California, January 2005).  Rather, these limitations were in the previous 1997 version of the guidelines, which defined light work as "work in a standing or walking position, with a minimum of demands for physical effort" and repetitive motion of the neck or back (i.e., the cervical spine) as "contemplat[ing] the individual has lost approximately 50% of pre-injury capacity for flexing, extending, bending, and rotating [the] neck or back." Schedule for Rating Permanent Disabilities, Spine and Torso Guidelines, 2-15 (Labor Code of California, April 1997).  Under the 1997 version of the California workers' compensation guidelines, a disability precluding "very heavy work"

1    "[T]he ALJ may only reject . . . [an] examining physician's

2    uncontradicted medical opinion based on 'clear and convincing

3    reasons.'" <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1164

4    (9th Cir. 2008) (citation omitted); <u>Widmark v. Barnhart</u>, 454 F.3d

5    1063, 1066 (9th Cir. 2006).  And "[e]ven if contradicted by another

6    doctor, the opinion of an examining doctor can be rejected only for

7    specific and legitimate reasons that are supported by substantial

8    evidence in the record." <u>Regennitter v. Comm'r of the Soc. Sec.</u>

9    <u>Admin.</u>, 166 F.3d 1294, 1298-99 (9th Cir. 1999); <u>Ryan v. Comm'r of Soc.</u>

10   <u>Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008).  Here, although the ALJ

11   "generally concur[red] with" Dr. Sohn's opinion limiting plaintiff "to

12   light work only[,]" he rejected Dr. Sohn's opinion that plaintiff is

13   limited to "no repetitive motions of the cervical spine[,]"

14   determining "no need" for this restriction.  A.R. 16.  The plaintiff

15   contends the ALJ's assessment of Dr. Sohn's opinion "fails to account"

16   for the definition of light work as promulgated under California

17   workers' compensation law.  Jt. Stip. at 10:3-11:15.  The Court

18   agrees.

19

20       Physicians evaluating an individual's disability for California

21   workers' compensation purposes use different terminology than that

22   used to evaluate a claimant's disability for Social Security purposes.

23   <u>Desrosiers v. Sec. of Health & Human Serv.</u>, 846 F.2d 573, 576 (9th

24   Cir. 1988); <u>Payan v. Chater</u>, 959 F. Supp. 1197, 1202-03 (C.D. Cal.

25

26   ───────────────

27   contemplates an individual who "has lost approximately 25% of
     pre-injury capacity for performing such activities as bending,
     stooping, lifting, pushing, pulling and climbing or other

28   activities involving comparable physical effort." <u>Id.</u> at 2-14.

1  1996).  In considering medical opinions utilizing California workers'

2  compensation terminology, the ALJ "is entitled to draw inferences

3  'logically flowing from the evidence.'"  Macri v. Chater, 93 F.3d 540,

4  544 (9th Cir. 1996) (quoting Sample v. Schweiker, 694 F.2d 639, 642

5  (9th Cir. 1982)); Payan, 959 F. Supp. at 1203.  Nevertheless, in so

6  doing, "[t]he ALJ's decision . . . should explain the basis for any

7  material inference the ALJ has drawn from those opinions so that

8  meaningful judicial review will be facilitated."  Booth v. Barnhart,

9  181 F. Supp. 2d 1099, 1106 (C.D. Cal. 2002).

10

11     Here, the ALJ inferred from Dr. Sohn's opinion that plaintiff has

12  the RFC to perform "light work" under the Act, and that inference is

13  unreasonable.  Dr. Sohn's opinion that plaintiff "is limited to light

14  work only" was made under the 1997 California workers' compensation

15  guidelines, which defined light work as requiring "a minimum of

16  demands for physical effort."  Schedule for Rating Permanent

17  Disabilities, Spine and Torso Guidelines, 2-15 (Labor Code of

18  California, April 1997).  Under the 1997 California workers'

19  compensation guidelines, light work was a more severe limitation that

20  a "disability precluding substantial work," which "contemplates the

21  individual has lost approximately 75% of pre-injury capacity for

22  performing such activities as bending, stooping, lifting, pushing,

23  pulling, and climbing or other activities involving comparable

24  physical effort."  Id.  Accordingly, it is reasonable to infer that "a

25  minimum of demands for physical effort," as set forth in the 1997

26  California workers' compensation guidelines definition of light work,

27  contemplates that the individual has lost at least 75% of his pre-

28  injury capacity for performing lifting, bending, stooping, pushing,

pulling, and similar physical activities.  <u>Macri</u>, 93 F.3d at 543-44;

<u>Payan</u>, 959 F. Supp. at 1203.  Since plaintiff frequently lifted up to

25 pounds when he worked as an automobile mechanic, A.R. 84; <u>see also</u>

A.R. 46 (vocational expert testified plaintiff's past relevant work as

an automobile mechanic, Dictionary of Occupational Titles ("DOT") no.

620.261-010, was medium work),[3] if he lost 75% of his pre-injury

capacity for lifting, he cannot now perform light work, which under

the Act requires frequent lifting or carrying of up to 10 pounds.  20

C.F.R. § 404.1567(b).  Therefore, the ALJ erred in failing to

"adequately 'translate' Dr. [Sohn's] opinion into Social Security

terms[.]"  <u>Booth</u> 161 F. Supp. 2d at 1109.  Moreover, since the ALJ

relied on Dr. Sohn's opinion in assessing plaintiff's RFC,[4] <u>see</u> A.R.

10-18, "substantial evidence does not support the [ALJ's RFC]

assessment."  <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1040 (9th Cir.

2007); <u>Widmark</u>, 454 F.3d at 1070.  "Nor does substantial evidence

support the ALJ's step-five determination, since it was based on this

//

//

---

[3]   The DOT, which is the Commissioner's primary source of reliable vocational information, <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1434 n.6 (9th Cir. 1995); <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1276 (9th Cir. 1990), identifies automobile mechanic as medium work.  U.S. Dep't of Labor, <u>Dictionary of Occupational Titles</u>, 562 (4th ed. 1991).  Under Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

[4]   The ALJ gave "corroborative weight to [a] state agency assessment" dated March 1, 2007, that opined plaintiff could perform light work.  A.R. 16, 200-04.  The parties, however, dispute whether this assessment was completed by a physician, <u>see</u> Jt. Stip. at 12:25, 22:13-23:7 & n.10, and it appears to the Court it was not.

1    erroneous RFC assessment."[5]  <u>Lingenfelter</u>, 504 F.3d at 1041.

2

3                              **V**

4        When the Commissioner's decision is not supported by substantial

5    evidence, the Court has authority to affirm, modify, or reverse the

6    Commissioner's decision "with or without remanding the cause for

7    rehearing."  42 U.S.C. § 405(g); <u>McCartey v. Massanari</u>, 298 F.3d 1072,

8    1076 (9th Cir. 2002).  "Remand for further administrative proceedings

9    is appropriate if enhancement of the record would be useful."  <u>Benecke</u>

10   <u>v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004).  Here, remand is

11   appropriate so the ALJ can properly consider Dr. Sohn's opinion,

12   assess plaintiff's RFC and determine whether plaintiff is disabled.

13   <u>Widmark</u>, 454 F.3d at 1070; <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1116

14   (9th Cir. 2003).

15

16                            **ORDER**

17       IT IS ORDERED that: (1) plaintiff's request for relief is granted

18   and defendant's request for relief is denied; and (2) the

19   Commissioner's decision is reversed, and the action is remanded to the

20   Social Security Administration for further proceedings consistent with

21   this Opinion and Order, pursuant to sentence four of 42 U.S.C. §

22   405(g), and Judgment shall be entered accordingly.

23   DATE: <u>October 20, 2010</u>          /S/ ROSALYN M. CHAPMAN_____
                                          ROSALYN M. CHAPMAN
24                                        UNITED STATES MAGISTRATE JUDGE

25   _____

26        [5]  Having reached this conclusion, the Court need not
     address plaintiff's claim the ALJ failed to offer sufficient
27   reasons for rejecting the portion of Dr. Sohn's opinion
     addressing plaintiff's cervical spine limitations.  <u>See</u> Jt. Stip.
28   at 11:16-12:14.

R&R-MDO\10-0255.mdo - 10/19/10